**STATE, Plaintiff-Appellee, v. TYLER, Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 5916.   Decided June 3, 1958.

Samuel L. Devine, Pros. Atty., Victor E. Vaile, Jr., Asst. Pros. Atty., Columbus. for plaintiff-appellee.

Lane, Huggard & Alton, Jack R. Alton, of Counsel, Columbus, for defendant-appellant.

## OPINION

By MILLER, J.

This is a law appeal from a judgment of the Common Pleas Court, Division of Domestic Relations, finding the defendant guilty on the charge of acting in a way tending to cause the delinquency of one Roberta

Tyler, a minor under the age of eighteen years, to wit, of the age of fourteen years. A jury was waived and the case was heard by the court.

The following errors are assigned:

I. The judgment of the Court is against the manifest weight of the evidence.

II. The judgment of the Court is contrary to law.

III. The overruling objections of the defendant to testimony produced by the State.

The record reveals that Roberta Tyler is fifteen years of age and the daughter of Robert Tyler, the defendant herein; that she was called as a witness for the prosecution and testified that she had had immoral relations with the defendant about two weeks prior to the time the complaint was made to the Juvenile authorities, as well as on many other occasions during the preceding year. The defense conducted a thorough cross-examination and she fixed the dates of the alleged acts as near as she could recall, one of which was on September 7, another on September 14, 1956, and the others indefinite, but it usually was on a Friday night when her stepmother, with whom the defendant and she were then living, was absent from the home.

The third assignment of error relates to the following ruling made by the court in response to the question propounded to the prosecuting witness when testifying on direct examination:

"Q. Do you remember any of the circumstances of this particular time, the last time your father had relations with you?

"MR, ALTON: If your Honor please, we will object. I would like to have some days pinned down.

"THE COURT: Oh, in this type of case dates within a period is proper, that is sufficient, but acting in a way to cause a delinquency it is not necessary that it be fixed as to a definite day. It's sufficient if it's fixed to the approximate time of the offense of acting in the way.

"Q. Do you, by any chance, remember the date?

"A. No, sir.

"THE COURT: She said it was a couple of weeks prior to the time of the filing of the complaint.

"Q. Do you remember what time of the day it was, Roberta?

"A. In the evening.

"Q. In the evening. Your stepmother was there?

"A. No."

We find no prejudicial error in the ruling made by the court. It will be noted that after the ruling had been made she was permitted to answer the question. Also, on cross-examination she testified as to dates to the best of her ability.

In support of the claim that the judgment is against the manifest weight of the evidence, counsel for appellant urges that the court should have given greater weight to the evidence offered on behalf of the defendant, who denied the accusation and produced several witnesss who testified as to his good character. It therefore became incumbent upon the court to determine wherein the truth lay. This is a duty which rested solely with the trial court who had the opportunity of seeing

the witnesses and observing their demeanor on the witness stand. In passing upon the credibility of the witnesses we note that Judge Rose said at page 40 of the record:

"She told a frank story. She was not bold, she was somewhat emotionally disturbed. She showed some emotions, in her tears, in her hesitancy and lack of knowledge as to how to answer some of the questions. Certainly, in her testimony there was nothing to indicate any lying on her part, or fabrication of a gruesome type of story such as this. There is nothing to indicate that she has hallucinations or a mind which would dream up such events and happenings. She apparently felt disgraced by the conduct of her father, and yet there was no evidence of bitterness or hatred toward him in her testimony; nothing in her manner or in her expression which would indicate to the court that there was any ill feeling or vicious feeling or hatred on her part toward the father in this case.

"The defendant brought in witnesses as to his reputation and, of course, brought in some evidence attempting to show that the allegations of the little girl, his daughter, was because of hatred or because of ill feeling or because of bitterness or to get even.

"The court, in weighing the testimony here of these parties, so far as the testimony between the two, is convinced that this little girl is telling the truth. The court is convinced from her testimony, the mannerism, the frankness, that she is not lying."

In **Cooper v. State, 121 Oh St 562**, Judge Robinson makes a statement at **page 569** which appears to be applicable to our case:

"The Court of Appeals, in reviewing a criminal case upon the weight of the evidence, owes a greater duty than to determine merely whether there was 'some evidence' tending to support the verdict. In such situation, if the Court of Appeals is unable to determine from the record wherein the truth lies between conflicting evidence, it may well adopt the conclusion of the jury and the trial court; they being in a better situation to judge of the truth by reason of their opportunity to see the witnesses and observe their conduct. But where the truth is manifest upon the record itself, by reason of the absence of conflict, or by any other sound reason, the Court of Appeals cannot escape its duty to determine·whether the verdict and/or judgment is supported by the degree of proof which the character of the case requires."

We have carefully scrutinized the entire record and can find nothing therein which detracts, as a matter of law, from the testimony of the prosecuting witness. The court did not err in giving credence to her testimony and it therefore may not be said that the judgment is against the manifest weight of the evidence.

Finding no prejudicial error in the record the judgment will be affirmed.

PETREE, PJ, BRYANT, J, concur.